UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GERALDINE BURKE, | CASE NO. C18-0081JLR |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO RESPOND |
| v. | |
| PROFESSIONAL TRANSPORTATION, INC., | |
| Defendant. | |

## I. INTRODUCTION

Before the court are: (1) Plaintiff Geraldine Burke's motion for partial summary judgment (MPSJ (Dkt. # 20)); and (2) Defendant Professional Transportation, Inc.'s ("PTI") motion for an extension of time to respond to Ms. Burke's motion (MET (Dkt. # 23)). The court has reviewed the motions, the parties' submissions filed in support of and in opposition to both motions, the relevant portions of the record, and the applicable

//

law. Being fully advised,[1] the court GRANTS in part and DENIES in part Ms. Burke's motion for partial summary judgment, and DENIES PTI's motion for an extension of time to respond.

## II.  BACKGROUND

PTI hired Ms. Burke in October 2012, as an over-the-road shuttle driver. (Burke Decl. (Dkt # 21) ¶ 2.) In that role, Ms. Burke transported railroad crews between work sites. (*Id.*) PTI instructed Ms. Burke on when and where to pick up the crews and where to bring the crews. (*Id.*) Ms. Burke was required to wait for her next assignment in the PTI facility. (*Id.*)

Ms. Burke did not supervise any subordinate PTI employees. (*Id.* ¶ 3.) She was not in charge of any PTI subdivision. (*Id.*) Ms. Burke's position did not require any specialized instruction or education. (*Id.*) In her position, Ms. Burke provided services to PTI's customers, but she did not contribute to PTI's day-to-day business. (*Id.*)

On December 12, 2017, Ms. Burke filed a complaint against PTI in King County Superior Court for the State of Washington. (*See* Compl. (Dkt. # 1-1); *see also* NOR (Dkt. # 1) at 1.) Among other claims, Ms. Burke alleges that PTI failed to pay her for all of the hours that she worked and failed to pay her at an overtime rate for at least some of her overtime hours. (*See* Compl. ¶¶ 3.1-3.5.) On January 18, 2018, PTI removed Ms. Burke's complaint to federal court on the basis of both diversity of citizenship and federal

---

[1] Neither party has requested oral argument on either motion. (*See* MPSJ at 1; MET at 1; PTI Resp. (Dkt. # 24) at 1; Burke Resp. (Dkt. # 29) at 1.) The court does not consider oral argument to be necessary for its disposition of these motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

question jurisdiction. (NOR at 2-6 (citing 28 U.S.C. §§ 1331, 1332(c)(1)).) On April 9, 2018, the court issued a scheduling order setting the trial to commence on June 24, 2019, the discovery cutoff on February 25, 2019, and the dispositive motions deadline on March 26, 2019. (*See* Sched. Order (Dkt. # 15) at 1.)

On March 22, 2018, PTI served Ms. Burke with a set of written discovery requests, including interrogatories and requests for the production of documents. (Maslowski Decl. (Dkt. # 25) ¶ 4.) Ms. Burke timely responded on April 22, 2018. (*See id.* ¶¶ 5, 8, Ex. A (attaching Ms. Burke's responses to PTI's written discovery requests).) Although PTI complains about the adequacy of Ms. Burke's responses (*see id.* ¶¶ 9-10; *see also* MET ¶ 4), PTI has not brought a motion to compel additional responses (*see generally* Dkt.). Since responding to Ms. Burke's written discovery requests on May 11, 2018, PTI has been "evaluating next steps in the discovery process for this matter." (Maslowski Decl. ¶ 6.) Despite this months-long evaluation, PTI has not issued any additional written discovery requests, noted Ms. Burke's deposition, or conducted any further discovery since it issued its original written discovery requests to Ms. Burke. (*See* 2d Montine Decl. (Dkt. # 27) ¶ 2 ("Since Ms. Burke responded to PTI's first set of discovery requests, PTI has not followed up on those requests or propounded additional discovery requests.").)

On September 13, 2018, nearly five months after serving PTI with her discovery responses, Ms. Burke filed a motion for partial summary judgment. (*See* MPSJ.) In her motion, Ms. Burke asks the court to rule on summary judgment that (1) she worked at least some overtime hours while at PTI (*id.* at 3-4); (2) the exception for overtime pay

under Washington law for truck and bus drivers who are subject to the "Federal Motor Carrier Safety Act (FMCSA)" does not apply to Ms. Burke's claim (*id.* at 4-5); (3) other overtime pay exemptions for executive, administrative, and professional employees also do not apply (*id.* at 6); (4) she is entitled to overtime pay of at least one and one-half times her regular hourly rate for any hours that she worked over 40 hours in a given week (*id.* at 4); and (5) PTI is liable to Ms. Burke for any overtime that she worked but for which she was not properly paid (*id.* at 5-6). Ms. Burke does not seek partial summary judgment on the exact number of hours she worked overtime while employed at PTI, the number of such hours for which PTI allegedly did not pay her, or the amount of corresponding lost wages to which she is allegedly entitled. (*See id.* at 1 ("The [c]ourt should allow [Ms.] Burke to provide evidence of the amount of unpaid overtime hours and corresponding lost wages at a later hearing or at trial."); *id.* at 6 ("[Ms.] Burke will submit, at a later date, evidence of the amount of overtime PTI failed to pay her.").)

On October 1, 2018, the same day that its response to Ms. Burke's motion for partial summary judgment was due, PTI filed a motion for an extension of time to respond to Ms. Burke's motion. (*See* MET.) In its motion, PTI asks the court for an additional 45 days to respond to Ms. Burke's motion for partial summary judgment. (*Id.* at 1.) On October 1, 2018, PTI also filed a response to Ms. Burke's partial summary judgment motion seeking relief under Federal Rule of Civil Procedure 56(d). (*See generally* PTI Resp.) Specifically, because discovery does not close until February 25, 2019 (*see* Sched. Order at 1), PTI asks the court to defer ruling on Ms. Burke's motion for partial summary judgment until such time as PTI completes its discovery (*see* PTI

Resp. at 1-2). PTI's response to Ms. Burke's motion is based entirely on Rule 56(d); PTI did not provide a substantive response to Ms. Burke's motion. (*See generally id.*)

The court now considers Ms. Burke's motion for partial summary judgment and PTI's motion for an extension of time to respond.

### III. ANALYIS

A. **PTI's Motion for Additional Time and Rule 56(d) Response**

Before addressing Ms. Burke's motion for partial summary judgment, the court must address PTI's motion for an extension of time to respond to Ms. Burke's motion and PTI's request for Rule 56(d) relief seeking additional time to conduct discovery.[2] (*See* MET; PTI Resp.) Federal Rule of Civil Procedure 56(d) "'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny the

---

[2] PTI's Federal Rule of Civil Procedure 6(b) motion for additional time and its request for Rule 56(d) relief in its response to Ms. Burke's motion are based on the same facts and arguments. (*Compare* MET, *with* PTI Resp.; *see also* MET at 1 n.1 (Contemporaneous with this Motion, [PTI] is also filing its Rule 56(d) Response to [Ms. Burke's] Summary Judgment Motion. "[PTI] files this Motion for Enlargement for alternative relief from its Rule 56(d) Response.").) Rule 6(b) requires PTI to demonstrate "good cause" to extend the time for PTI to respond to Ms. Burke's motion. *See* Fed. R. Civ. P. 6(b)(1)(A). The court sees no reason to examine PTI's Rule 6(b) motion and Rule 56(d) response separately, and therefore, considers these filing together. In this instance, the court's conclusion is the same when applying either Rule 56(d) or Rule 6(b) to the facts at hand.

motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). However, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (quoting *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)); *see also Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that the district court did not abuse its discretion in denying a Rule 56(d) motion for further discovery where the moving parties did not adequately explain their failure to proceed with additional depositions promptly).

Rule 56(d) requires the nonmovant to make "(1) a timely application which (2) specifically identifies (3) relevant information, (4) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).[3] A Rule 56(d) affidavit or declaration must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (quoting *Tatum v. City & Cty. of S.F*, 441 F.3d 1090, 1100 (9th Cir. 2006)). "The facts sought must be 'essential' to the party's opposition to summary judgment," *id.* (quoting Fed. R. Civ. P. 56(d)), "and it must be 'likely' that those facts

---

[3] On December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered and is now Federal Rule of Civil Procedure 56(d). The advisory committee's notes to Rule 56 regarding the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 Advisory Committee's Notes. Thus, the cited authorities that refer to Rule 56(f) provide guidance on matters related to the current Rule 56(d). *Id.*

will be discovered during further discovery," *id.* (quoting *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)). The burden is on the party seeking to conduct further discovery "to show what material facts would be discovered that would preclude summary judgment." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *see also Conkle*, 73 F.3d at 914 ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.").

As discussed below, although PTI submits a lengthy declaration in support of its Rule 56(d) request for additional time to conduct discovery, PTI fails to meet its burden and the court denies its request for additional time to respond to Ms. Burke's motion. In her declaration, PTI's counsel complains about the adequacy of Ms. Burke's discovery responses, declares PTI's intention to take additional discovery, and generally describes the areas of discovery PTI wishes to pursue and the information it hopes to elicit. (*See generally* Maslowski Decl.) However, PTI never adequately connects the information it seeks to the specific issues raised in Ms. Burke's motion and never explains its delay in seeking additional discovery. (*See generally id.*; *see also* PTI Resp.; MET.) Accordingly, the court concludes that PTI fails to meet its burden justifying any delay in the court's ruling. *See* Fed. R. Civ. P. 56(d); *see also* Fed. R. Civ. P. 6(b).

First, PTI's attorney attests that there are "several deficiencies in [Ms.] Burke's written responses, some specifically in regards to her claim for failure to pay overtime premiums . . . ." (Maslowski Decl. ¶ 7.) Yet, PTI's attorney never explains how these "deficiencies" relate to the issues raised in Ms. Burke's motion for partial summary judgment. (*See generally id.*) For example, PTI's attorney complains that Ms. Burke

ORDER - 7

"failed to properly identify individuals she believes has [sic] relevant information" and that this information "is critical to testing [her] conclusion that PTI had notice of her alleged compensation issues."[4] (*Id.* ¶ 9.) However, Ms. Burke has not sought partial summary judgment on the issue of "notice," and PTI never explains how evidence concerning its "notice" of Ms. Burke's claims would render inappropriate the court's entry of partial summary judgment on the issues Ms. Burke does raise. Indeed, PTI fails to identify any "specific facts" it seeks to counter the narrow issues raised in Ms. Burke's motion. *See Stein*, 906 F.3d at 833; (*see generally* Maslowski Decl.). Without some indication of the "specific facts" PTI seeks that are "essential" to its opposition, PTI's complaints about the adequacy of Ms. Burke's discovery responses do not warrant a delay in the court's ruling. *See Stein*, 906 F.3d at 833. Further, PTI had almost five months to file a motion to compel prior to Ms. Burke's motion for partial summary judgment but failed to do so. PTI's lack of diligence in pursuing discovery is also sufficient grounds to deny its Rule 56(d) request for an extension of time. *See Conkle*, 73 F.3d at 914.

Second, PTI's attorney also states the PTI would like to depose Ms. Burke "to test her conclusion" that she is not exempt from overtime pay requirements. (*Id.* ¶ 13; *see also id.* ¶¶ 11-12 (indicating a desire to depose Ms. Burke to test the statements in her declaration).) Again, PTI's attorney fails to identify the "specific facts [s]he hopes to

//

---

[4] PTI's attorney also complains that Ms. Burke merely refers to her complaint when asked to identify specific facts, witnesses, and documents that support her claims. (Maslowski Decl. ¶ 10.)

discover" during Ms. Burke's deposition that will raise an issue of material fact concerning Ms. Burke's non-exempt status. *See Cont'l Mar. of S.F., Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987). At most, PTI's attorney asserts that deposing Ms. Burke "*could* elicit facts that *could* create an issue of material fact as to whether [Ms.] Burke was exempt . . . ." (Maslowski Decl. ¶ 13 (italics added).) This type of "pure speculation" is insufficient to support a Rule 56(d) request to defer the entry of summary judgment. *See State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought . . . is the object of pure speculation." (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.1991))).[5]

    Finally, PTI asserts that it would like to depose Ms. Burke to test her conclusion "that PTI refused to pay her" and to demonstrate that she "was, in fact, paid for all work actually completed and compensable under the FLSA." (Maslowski Decl. ¶¶ 15-16; *see also id.* ¶ 17.) Yet, Ms. Burke's motion does not raise this issue and, indeed, expressly reserves "the amount of unpaid overtime hours and corresponding lost wages [for] a later hearing or trial." (MPSJ at 2; *see also id.* at 6 ("[Ms.] Burke will submit, at a later date, evidence of the amount of overtime PTI failed to pay her.").) Thus, these facts are not

//

//

//

---

[5] *See supra* note 3.

ORDER - 9

material to Ms. Burke's present motion nor "essential" to PTI's opposition.[6] *See Stein*, 906 F.3d at 833.

Moreover, as noted above, PTI's attorney attests that "PTI began evaluating next steps in the discovery process" as early as May 2018. (Masklowski Decl. ¶ 6.) Yet, PTI has not noted Ms. Burke's deposition nor conducted any further discovery since its initial round of written requests to Ms. Burke. (2d Montine Decl. ¶ 2 ("Since Ms. Burke responded to PTI's first set of discovery requests, PTI has not followed up on those requests or propounded additional discovery requests.").) In addition, as stated, despite complaining about the inadequacy of Ms. Burke's discovery responses, PTI has not filed a motion to compel during the nearly five-month intervening period between PTI's receipt of Ms. Burke's responses and the filing of Ms. Burke's motion. (*See generally* Dkt.) PTI has not explained its delay in pursuing Ms. Burke's deposition and other discovery. (*See generally* Maslowski Decl.) this failure provides sufficient grounds to deny PTI's request for Rule 56(d) relief. *See Landmark Dev. Corp.*, 752 F.2d at 372.

//

---

[6] PTI's attorney also attests that PTI needs to depose Ms. Burke to explore "contradictions" between Ms. Burke's interrogatory response and the declaration of Peter Montine, which Ms. Burke filed in support of her motion for partial summary judgment. (*See* Maslowski Decl. ¶ 19; *see also* 1st Montine Decl. (Dkt. # 22).) The statements in the two documents pertain to the number of overtime hours Ms. Burke worked while she was employed at PTI. (*See id.*) The court is unconvinced that the two statements are contradictory. Nevertheless, even if they are contradictory, the information is immaterial to the issues upon which Ms. Burke asks the court rule on partial summary judgment. Although Ms. Burke asks the court to rule that she worked at least some overtime hours while employed at PTI, she does not ask the court to rule on a specific number of hours. (*See* MPSJ at 1-2.) The fact that Ms. Burke worked at least some overtime at PTI does not appear to be in dispute because PTI paid Ms. Burke for some overtime during her employment there. (*See* 1st Montine Decl. ¶ 2, Ex. 1 (attaching paystubs for Ms. Burke, some of which note "Overtime Pay").)

Based on the court's analysis of PTI's counsel's Rule 56(d) declaration, the court concludes that PTI has not meet its burden of demonstrating that it is likely that additional discovery will reveal material facts essential to its opposition to Ms. Burke's motion for partial summary judgment. Accordingly, the court DENIES both PTI's motion for an extension of time to respond and the Rule 56(d) relief requested in its response to Ms. Burke's motion.[7]

### B. Ms. Burke's Motion for Partial Summary Judgment

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ.

---

[7] PTI implies that even if the court denies PTI additional time to conduct discovery, or even if additional discovery does not "disclose any other material facts," it continues to have the right to file a substantive response to Ms. Burke's motion for partial summary judgment. (See PTI Resp. at 2.) PTI asserts that courts "have held that a party 'may not attempt to meet a summary judgment challenge head-on but fall back on [Rule 56(d)] if its first effort is unsuccessful.'" (Id. (quoting Been v. O.K. Indus., Inc., 495 F.3d 1217, 1235 (10th Cir. 2007), and citing Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 23 (1st Cir. 1999)).) Thus, PTI states that it filed a Rule 56(d) response "instead of attempting to oppose summary judgment without the proper discovery." (Id.)
Nothing in Rule 56 prohibits a party from seeking relief under Rule 56(d) while simultaneously responding to a motion for summary judgment on substantive grounds. See Fed. R. Civ. P. 56(d). Further, PTI misunderstands the out-of-circuit authority it cites. The cases PTI relies upon prohibit a party from responding substantively to a motion for summary judgment and then applying for Rule 56(d) relief after the court has granted summary judgment to the party's opponent. See Been, 495 F.3d at 1235; see also Rodriguez-Cuervos, 181 F.3d at 22 (stating that the plaintiff filed his Rule 56(f) motion "[a]fter the district court's grant of summary judgment"); see also Hackworth v. Progressive Cas. Ins. Co., 468 F.3d 722, 732 (10th Cir. 2006) ("A nonmoving party wishing to invoke the protections of Rule 56(f) must attempt to do so by submitting an affidavit in direct response to a motion for summary judgment, not following the district court's disposition of that motion."). The authorities PTI relies upon do not counsel against filing a substantive response and a request for additional time under Rule 56(d) simultaneously. Finally, there is nothing in either Rule 56 or the court's Local Rules that would allow a party to file an untimely substantive response to a motion for summary judgment after the court has denied the party's Rule 56(d) request for a continuance. See Fed. R. Civ. P. 56; Local Rules W.D. Wash. LCR 7. By failing to file a timely substantive response to Ms. Burke's motion, PTI has now lost the opportunity to do so.

P. 56(a). Summary judgment is proper where, viewing the evidence and inferences therefrom in favor of the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those that may affect the outcome of the suit under governing law, and an issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case." *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

Ms. Burke seeks summary judgment on the following issues: (1) she worked at least some overtime hours while employed at PTI (MPSJ at 3-4); (2) the exception for overtime pay under Washington law for truck and bus drivers who are subject to the "Federal Motor Carrier Safety Act (FMCSA)" does not apply to her claims (*id.* at 4-5); (3) other overtime pay exemptions for executive, administrative, and professional employees do not apply to her claims (*id.* at 6); (4) she is entitled to overtime pay of at least one and one-half times her regular hourly rate for any hours that she worked over 40 hours in a given week (*id.* at 4); and (5) PTI is liable to Ms. Burke for any overtime that

//

//

he worked but for which PTI did not properly pay her (*id.* at 5-6).[8] The court addresses each issue in turn.

1. Overtime

Ms. Burke asks the court to rule that she worked at least some overtime hours while employed at PTI. (*Id.* at 6; Burke Reply (Dkt. # 26) at 1.) In support of her motion, she submits evidence, based on data PTI produced during discovery, that she worked at least some overtime hours while PTI employed her. (*See* 1st Montine Decl. ¶ 4, Ex. 3 (setting forth a chart detailing Ms. Burke's overtime hours based on data from an 11-page Excel spreadsheet produced by PTI during discovery, entitled "[PTI] Geradline Burke . . . Trip List"); *see also id.* ¶ 3, Ex. 2 at 4 (attaching PTI's discovery response referring Ms. Burke to "her pay and trip records (PTI000054-PTI000148)").) Although PTI describes Ms. Burke's evidence as "unsupported and unfounded" (PTI Resp. at 3), PTI does not explain why her analysis of PTI's data is flawed (*see generally id.*). As a result, Ms. Burke's evidence is uncontested, and PTI has failed to show that there is a "genuine dispute" as to this material fact. *See* Fed. R. Civ. P. 56(a). Accordingly, the court "consider[s] the fact undisputed," *see* Fed. R. Civ. P. 56(e)(2), and grants this

//

//

//

---

[8] (*See also* MPSJ at 2 ("The Court should hold that [Ms.] Burke was non-exempt and that PTI was required to pay her at one and one-half time her regular rate for all overtime hours she worked. The Court should further hold that PTI is liable for any overtime for which PTI did not properly pay [Ms.] Burke.").)

portion of Ms. Burke's motion for partial summary judgment, *see* Fed. R. Civ. P. 56(e)(3).[9]

2. Federal Motor Carrier Act Exemption

Washington law requires all employers to pay their employees overtime for hours worked over 40 in a workweek. RCW 49.46.130(1). However, the statute provides for certain exemptions including one for "[a]n individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act, 49 U.S.C. § 1301 *et seq.*" *See* RCW 49.46.130(2)(f). The court construes such statutory exemptions narrowly. *Stahl v. Delicor of Puget Sound, Inc.*, 64 P.3d 10, 12 (Wash. 2003). Further, PTI bears the burden of proving the applicability of an exemption. *Fiore v. PPG Indus., Inc.*, 279 P.3d 972, 977-78 (Wash. Ct. App. 2012) ("An employer can assert that its employee falls into one of these exemption categories and, therefore, is not entitled to overtime wages; however, the employer bears the burden of proving the applicability of such an exemption.") (citing *Drinkwitz v. Alliant Techsystems, Inc.*, 996 P.2d 582, 587 (Wash. 2000)).

Ms. Burke argues that one of PTI's responses to her discovery requests forecloses PTI's reliance on the exemption found in RCW 49.46.130(2)(f). (MPSJ at 4 (citing 1st Montine Decl. ¶ 3, Ex. 2).) In one of her interrogatories, Ms. Burke asks PTI to:

//

---

[9] Ms. Burke does not ask the court to rule on the exact number of overtime hours that she worked (*see* Burke Reply at 1 (stating that she asks the court "to make [the] straightforward legal determination[] that she . . . worked overtime on at least one occasion")), and the court does not do so.

> Please describe your policies regarding compliance with the Federal Motor Carrier Safety Act (FMCSA) and identify the person(s) responsible for enforcing those policies.

(*Id.* at 5.) In response, PTI states, in part, that "at all times relevant to this case, PTI's Seattle fleet was not regulated by the FMSCA." (*Id.*) Ms. Burke argues that PTI's response entitles her to summary judgment that the exemption found in RCW 49.46.130(2)(f) does not apply to her claims.

There is an anomaly in both Ms. Burke's question and PTI's response. The Act referenced in RCW 49.46.130(2)(f) is the Federal Motor Carrier Act ("FMCA") and not the "Federal Motor Carrier Safety Act (FMCSA)" as Ms. Burke states in her interrogatory question. *Compare* RCW 49.46.130(f)(2), *with* (1st Montine Decl. ¶ 3, Ex. 2 at 5.) The acronym that both Ms. Burke and PTI utilize stands for the Federal Motor Carrier Safety Administration, which is the agency that enforces the FMCA. *See Overton v. Uber Techs., Inc.*, No. 18-CV-02166-EMC, 2018 WL 3830096, at *4, *8 (N.D. Cal. Aug. 8, 2018). Nevertheless, Ms. Burke's motion was clear that she interpreted PTI's response as excluding the possibility that the exemption found in RCW 49.46.130(2)(f) applied to her claims. (*See* MPSJ at 4-5.) PTI provides no evidence or argument in opposition to that portion of Ms. Burke's motion. (*See generally* Resp.) Indeed, PTI never argues that the exemption in RCW 49.46.130(f)(2) does apply. (*See generally id.*) Accordingly, the court grants this aspect of Ms. Burke's motion and rules on summary judgment that the exemption found in RCW 49.46.130(2)(f) is inapplicable to her claims.

//

//

3. Other Exemptions

In addition to the exemption above, Ms. Burke's motion also addresses three of the exemptions found in RCW 49.46.130(2)(a). (*See* MPSJ at 6.) RCW 49.46.130(2)(a) provides that Washington's overtime statute "does not apply to . . . [a]ny person exempted pursuant to RCW 49.46.010(3)." RCW 49.46.130(2)(a). Subsection (c) of this provision of the Revised Code of Washington refers to "[a]ny individual employed in a bona fide executive, administrative, or professional capacity . . . ." RCW 49.46.130(3)(c). Ms. Burke argues that these exemptions do not apply to her claim. (MPSJ at 6.) Like the exemption in RCW 49.46.130(2)(f) discussed above, the court narrowly construes these exemptions, *see Stahl*, 64 P.3d at 12, and PTI bears the burden of establishing their applicability, *see Fiore*, 279 P.3d at 977-78.

*a. Executive Capacity*

The Washington Administrative Code defines an "individual employed in a bona fide executive . . . capacity," in part, as any employee "[w]hose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof; and . . . [w]ho customarily and regularly directs the work of two or more other employees therein. WAC 296-128-510(1), (2). Ms. Burke attests that she "was not in charge of any subdivision of PTI" and "did not have any subordinates." (Burke Decl. ¶ 3.) PTI does not challenge or dispute this testimony or offer any contrary evidence that Ms. Burke was engaged in an executive capacity. (*See generally* PTI Resp.) Accordingly, the court "consider[s] the[se] fact[s] undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2). In light of this evidence and in

light of PTI's burden on this issue, the court concludes that Ms. Burke is entitled to partial summary judgment that the exemption for individuals employed in a bona fide executive capacity found in RCW 49.46.130(2)(a) and RCW 49.46.130(3)(c) does not apply to her claim.

   b. *Administrative Capacity*

  The Washington Administrative Code defines an "individual employed in a bona fide . . . administrative . . . capacity," in part, as any employee "[w]hose primary duty consists of the performance of office or non-manual field work directly related to management policies or general business operations of his employer or his employer's customers." WAC 296-128-520(1). Ms. Burke attests that she was "an over-the-road shuttle driver" for PTI and that she "transport[ed] railroad crews between work sites." (Burke Decl. ¶ 2.) She attests that her "job was to provide services to PTI's customers, not to contribute to PTI's day-to-day business." (*Id.* ¶ 3.) PTI does not challenge this testimony or offer any contrary evidence that Ms. Burke was engaged in an administrative capacity. (*See generally* PTI Resp.) Accordingly, the court "consider[s] the[se] fact[s] undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2). In light of this evidence and in light of PTI's burden on this issue, the court concludes that Ms. Burke is entitled to partial summary judgment that the exemption for individuals employed in a bona fide administrative capacity found in RCW 49.46.130(2)(a) and RCW 49.46.130(3)(c) does not apply to her claim.

//

//

c. *Professional Capacity*

The Washington Administrative Code defines an "individual employed in a bona fide . . . professional capacity," in part, as any employee:

> Whose primary duty consists of the performance of work . . . [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes.

WAC 296-128-530(1)(a). Ms. Burke attests that her "position did not require any specialized instruction or education." (Burke Decl. ¶ 3.) PTI does not challenge this testimony or offer any contrary evidence that Ms. Burke was engaged in a professional capacity. (*See generally* PTI Resp.) Accordingly, the court "consider[s] the fact undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2). In light of this evidence and in light of PTI's burden on this issue, the court concludes that Ms. Burke is entitled to partial summary judgment that the exemption for individuals employed in a bona fide professional capacity found in RCW 49.46.130(2)(a) and RCW 49.46.130(3)(c) does not apply to her claim.

4. Rate of Overtime Pay

Washington law provides:

> Except as otherwise provided in this section, no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.

//

//

ORDER - 18

RCW 49.46.130(1). Thus, unless an exemption or exception listed in RCW 49.46.130(2) or elsewhere applies, Ms. Burke is entitled to one and one-half times her regular rate for any overtime hours she worked while employed at PTI. The court has ruled that the exemption found in RCW 49.46.130(2)(f) and the exemption for "[a]ny individual employed in a bona fide executive, administrative, or professional capacity" found in RCW 49.46.130(3)(c) and RCW 49.46.130(2)(a) do not apply to Ms. Burke's claim. *See supra* §§ III.B.2., 3. If PTI is unable to establish any other exemptions at trial or through a dispositive motion, the court concludes on partial summary judgment that PTI was required to pay Ms. Burke one and one-half times her regular rate of pay for hours she worked in excess of 40 during any given work week while she was employed at PTI.

However, this ruling does not foreclose the possibility that PTI will establish some other exemption or exception at trial or on a dispositive motion. The court also does not conclude that PTI failed to properly pay Ms. Burke at the appropriate rate for all of the overtime she worked. Indeed, Ms. Burke expressly stated that she intended to "submit, at a later date, evidence of the amount of overtime PTI failed to pay her." (MPSJ at 6.) Thus, this issue was not before the court. With these caveats, the court GRANTS this portion of Ms. Burke's motion.

5. <u>PTI's Liability for Unpaid Overtime</u>

Ms. Burke also asks the court to rule that "PTI is liable for any overtime hours for which Ms. Burke worked but was not properly compensated." (MPSJ at 6.) As noted above, although the court has granted Ms. Burke's motion with respect to the specific exemptions to overtime pay raised in her motion, there may be other exemptions or

exceptions that the parties have not raised and that PTI intends to establish either at trial or in a dispositive motion. *See supra* § III.B.4. Indeed, PTI states that it intends to bring its own motion for summary judgment prior to the dispositive motions deadline. (MET at 2.) In addition, there is no evidence before the court that Ms. Burke was not properly compensated for the overtime she worked at PTI. (*See* MPSJ at 6 (stating that Ms. Burke "will submit, at a later date, evidence of the amount of overtime PTI failed to pay her").) Accordingly, the court DENIES this portion of Ms. Burke's motion.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Ms. Burke's motion for partial summary judgment (Dkt. # 20), DENIES PTI's motion for an extension of time to respond (Dkt. # 23), and DENIES PTI's request for Rule 56(d) relief.

Dated this 21st day of November, 2018.

JAMES L. ROBART
United States District Judge